IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROGER A. BREUER                                           PLAINTIFF

                  v.                      CIVIL NO. 18-3113

ANDREW M. SAUL,[1] Commissioner
Social Security Administration                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Roger A. Breuer, protectively filed his applications for DIB and SSI on April 25, 2013, and May 6, 2013, respectively, alleging an inability to work since November 11, 2011, due to epilepsy, depression, a pain disorder, mild scoliosis, a disorder of written expression and borderline personality disorder. (Tr. 83, 228, 235). For DIB purposes, Plaintiff maintained insured status through December 31, 2012. (Tr. 506, 739). An administrative hearing was held on August 15, 2014, at which Plaintiff appeared with counsel and testified. (Tr. 28-53, 648-673).

In a written decision dated April 2, 2015, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform medium work with limitations. (Tr. 10-22, 579-591). The Appeals Council declined review of the ALJ's decision on April 18, 2016. (Tr. 1-4, 597-600).

Plaintiff appealed the ALJ's decision to this Court. In a decision dated June 9, 2017, this Court remanded the case back to the Commissioner for further consideration of

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

Plaintiff's RFC and physical limitations. (Tr. 635-642). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on August 3, 2017. (Tr. 643-645). A supplemental administrative hearing was held on February 6, 2018. (Tr. 536-575). Plaintiff appeared with counsel and testified.

By written decision dated August 20, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 508). Specifically, the ALJ found Plaintiff had the following severe impairments: a seizure disorder; mild scoliosis; a pain disorder; major depressive disorder, recurrent, moderate; and an alcohol use disorder, mild. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 508). The ALJ found Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant must avoid all exposure to hazardous machinery and unprotected heights and is limited to jobs that do not require operation of a motor vehicle; the claimant is able to perform work where interpersonal contact is incidental to the work performed, where the complexity of tasks is learned and performed by rote, with few variables and little judgment, and where the supervision required is simple, direct, and concrete.

(Tr. 510). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a can filling and closing machine tender, a compression molding machine tender and a collator operator. (Tr. 517, 569).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 27th day of January 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE